UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ASHLEY PERRY AND SARAH JOHNSTON, *Plaintiff*, | § § § § |
| v. | § § § |
| NORDSTROM, INC., *Defendant.* | § § § |

Cause No. 1:23-CV-1011-RP

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Ashley Perry and Sarah Johnston, files this Amended Complaint against Defendant Nordstrom, Inc. and Defendant Mateo Giraldo, and for cause of action would show the Court the following:

**Plaintiffs**

5. Plaintiff, Ashley Perry, is an individual whose address is 11624 Jollyville Road, Apt. 1035, Austin, Texas 78759.

6. Plaintiff, Sarah Johnston, is an individual whose address is 500 Peregrine Way, Leander, Texas, 78641.

**Defendants**

7. Defendant, Nordstrom, Inc., is a corporation authorized to do business in Texas and has previously answered in the lawsuit. Defendant may be served through its attorney of record Maryalyce Cox at Mehaffy Weber, P.C. located at 500 Dallas, Suite 2800, Houston, Texas 77002.

8. Defendant, Mateo Giraldo is an individual residing in Williamson County, Texas and may be served at 2904 Bellamy Circle, Cedar Park, Texas 78613.

## Jurisdiction

9. The United States District Court for the Western District has jurisdiction of this civil action under 28 U.S.C. §1332 because Plaintiffs are citizens of the State of Texas and Defendant is a foreign corporation and the amount in controversy with respect to Plaintiffs' claims exceed seventy-five thousand dollars, excluding interest and costs.

10. Venue is proper in the District of Texas, Austin Division under 28 U.S.C. §1391 because a substantial part of the event or omissions giving rise to this civil action occurred in Travis County, Texas.

11. The amendment of Defendant Mateo Giraldo may defeat the jurisdiction of the Court and require transfer back to the Travis County or Williamson County District Court.

## Facts

12. On January 14, 2023, at approximately 6:30 p.m., Plaintiff Ashley Perry was shopping with her sister Plaintiff Sarah Johnston at Defendant Nordstrom, Inc.'s store Nordstrom Rack (hereinafter "Nordstrom") located at 9607 Research Boulevard, Austin, Texas 78759.

13. Ms. Perry and Ms. Johnston went into the same fitting room to try on merchandise. As Ms. Perry exited the fitting room, she noticed a cell phone propped on the floor of the next fitting room with the camera facing into Ms. Perry and Ms. Johnston's fitting room.

14. Ms. Perry grabbed the phone and turned it around to see it had recorded them changing for just under eight minutes.

15. Ms. Perry ran to notify Defendant Nordstrom's employees and Ms. Johnston called the Austin Police Department.

16. The perpetrator, Defendant Mateo Giraldo, discussed with Defendant Nordstrom's store manager and security guard that this was not the first time he videoed the fitting rooms.

## Causes of Action
### Negligence

17. Defendant Nordstrom, Inc. is the listed owner of the property and premises described as Nordstrom Rack located at 9607 Research Boulevard, Austin, Texas 78759. Defendant managed, occupied, and or owned the premises where Plaintiffs were injured as a result of the

criminal invasive recording. Plaintiffs entered the premises for business purposes for the mutual benefit of themselves and Defendant, thus they were classified as "invitees" at the time the incident occurred. As an invitee, Plaintiffs were owed the highest duty of care by Defendant to be warned of, or made safe from, any conditions or activities on the property that posed a danger to Plaintiffs that Defendant either knew or should have known.

18. Defendant neglected to provide adequate security measures on the premises, where the same issue has occurred prior to this incident. Defendant's negligence posed an unreasonable risk of harm to Plaintiffs and other invitees.

19. Due to the prior incidents of the same crime, Defendant knew or should have known of the unreasonable risk of harm, and either should have warned or taken adequate security measures on their premises. Defendant failed to do so, which was a proximate cause of Plaintiffs' injuries.

### Invasion of Privacy – Intrusion of Seclusion

20. Texas observes intrusion on seclusion under an invasion of privacy claim. An intrusion on seclusion is the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973).

21. Defendant Mateo Giraldo was charged with violation of Texas Penal Code §21.15 (b) (2), which states a person commits an offense if, without the other person's consent and with intent to invade the privacy of the other person, the person records a visual image of another in a changing room.

22. Defendant Mateo Giraldo acted intentionally and with malice in his criminal actions to record Plaintiffs while they were in the privacy of their changing room.

### Intentional Infliction of Emotional Distress

23. The elements of intentional infliction of emotional distress are:

   1. the defendant acted intentionally or recklessly,

2. the defendant's conduct was extreme and outrageous;

3. the conduct caused the plaintiff emotional distress; and

4. the emotional distress was severe.

24. Extreme and outrageous conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Hoffman—La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 - 447 (Tex. 2004).

25. Defendant Mateo Giraldo intentionally filmed Plaintiffs while they were unclothed in the changing rooms.

26. Defendant Mateo Giraldo admitted at the scene that it was not his first-time filming customers in changing rooms.

27. Plaintiffs suffered severe emotional distress due to Defendant's intentional and reckless disregard of their privacy

## Damages

28. Defendants' acts and omissions were the proximate cause of injuries and damages to Plaintiffs, including but not limited to:

    a. Reasonable and necessary medical expenses in the past and future; and

    b. Physical pain and mental anguish in the past and future;

## Prayer

Plaintiffs pray that citation be issued commanding Defendants to appear and answer herein and that Plaintiffs be awarded judgment against Defendants for actual damages, pre-judgment interest, post-judgment interest, and for all other relief to which Plaintiffs are entitled both in equity and at law.

Respectfully submitted,

Jason S. English Law PLLC
505 West 12th Street, Suite 201

Austin, TX 78701

/s/ Jason S. English
Jason S. English
Attorney for ASHLEY PERRY AND SARAH JOHNSTON
Bar no: 24032155
Office Phone: (512) 454-7548
Fax: (737) 530-7372
Email: Jason@JasonEnglish.net

### Certificate of Service

I certify that, on 8th of November 2023, the foregoing Plaintiffs' Motion for Leave to File Amended Complaint was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF system by the parties.

I further certify that on 8th of November 2023, the same document was served on Defendant Nordstrom Inc. counsel of record Maryalyce W. Cox by electronic filing manager at Maryalycecox@mehaffyweber.com.

/s/ Jason S. English
Jason English
Attorney for ASHLEY PERRY AND SARAH JOHNSTON